UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

        Petitioner,

v.

        CAUSE NO. 3:20-CV-1002 DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-4-455) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery on staff in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and a demotion in credit class.

Mr. Chandler argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He states that he did not commit battery against Officer Russell and that evidence supporting the finding of guilt consists solely of the conduct report.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The administrative record includes a conduct report in which Officer Russell represents that Mr. Chandler "shoulder bump[ed] me into the cell house door aggressively and fled." ECF 10-1. The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision."). Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Chandler argues that he is entitled to habeas relief because he did not receive sufficient notice because the conduct report charged with him with "Offense 112," which does not correspond to any offense listed in the operative departmental policy, instead of Offense 117 - Battery on Staff. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.*

As an initial matter, it is unclear that the conduct report (ECF 10-1) charged Mr. Chandler of "Offense 112." It appears that the drafter of the conduct report made a typographical error when handwriting the offense number and, by attempting the correct the error, wrote a figure that could reasonably be interpreted as "A112" or "A117". While this figure is somewhat ambiguous, the rest of the conduct report left little doubt that Mr. Chandler had been charged with battery on staff rather than a nonexistent offense. The conduct report notes that Mr. Chandler had been charged with "BATTERY" and

describes him aggressively bumping a correctional officer into a door with his shoulder. Given the clarity of the charge when reading the conduct report as a whole, Mr. Chandler was adequately informed of the charge against him.

Mc. Chandler argues that he is entitled to habeas relief because he was denied a copy of his administrative appeal at the facility level, because he received inadequate notice of the hearing, and because the hearing officer did not consult with mental health staff pursuant to departmental policy. Contrary to these allegations, the hearing officer consulted with mental health staff, who advised that the conduct at issue was not related to Mr. Chandler's mental health. ECF 10-2. Further, correctional staff attempted to notify Mr. Chandler of the hearing and the charge four days before the hearing, but Mr. Chandler refused to receive such notice. ECF 10-3.

Moreover, administrative appeals, notice of a hearing within a particular timeframe, and mental health consultations are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

Mr. Chandler argues that he is entitled to habeas relief because he did not have an attorney present at the hearing. Inmates do not have a right to assistance of counsel at prison disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. at 570. Therefore, this claim is not a basis for habeas relief.

Because Mr. Chandler has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Chandler wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin Chandler leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 29, 2021  *s/ Damon R. Leichty*
Judge, United States District Court